MoK ín.ney, J.
delivered the opinion of the court.
This'is an action against the defendant as guarantor of a promissory note, made to the plaintiff by James Wilton, for $534 52, bearing date, Baltimore, 3rd April, 1841, and due at six months. The guaranty was written upon the back of the note, at the time of its execution, and is as follows, viz: ‘‘In consideration that Pendexter & Alden *89 would sell to James Milton the goods for which the within note is given, I agreed, and hereby promise to see the within note paid. Jambs M. Verson,” The name of the maker was signed by the defendant, who executed the note for him, and in his absence. Prior to the institution of this suit, the plaintiff had sued and recovered judgment upon said note against the maker. And as collateral' security for the amount of the judgment, and also for another debt due from Milton to M. E. George & Son, the plaintiff’s attorney, without the knowledge of the plaintiff, as is to be inferred from the record, took a .deed of trust from Milton, conveying certain property to the attorney, as trustee, for the security of said debts. It is stipulated in said deed of trust, that on failure of Milton to pay, in twelve months from its date, said two debts, the trustee should proceed to make sale of the property, and apply the proceeds pro rata towards their satisfaction. The deed contains no agreement or stipulation, for the suspension of execution, or for delay in enforcing satisfaction of said judgment. And the attorney, whose deposition was taken as evidence in the cause, proves, that the deed was intended merely as collateral security, and was not intended to delay the collection of the judgment, and that he was at liberty to make the money, at any time, out of any other property of Milton..
The defendant, on the trial of the case, introduced and relied upon the deed of trust as evidence of an agreement to delay the collection of the money, for twelve months, and insisted that its effect was, to discharge his liability. And the Circuit Judge charged the jury, in substance that by the proper legal construction of the deed, it amounted to a covenant on the part of the plaintiff with Milton, that they would delay to enforce the judgment against him; and *90 would estop them from collecting the money before the expiration of that period; and that if the defendant did not assent to this agreement, his liability as guarantor would be discharged. The jury found a verdict for the defendant, and a new trial being refused, the plaintiff appealed in error to this court.
We think this charge of the court is manifestly erroneous.
1. Had the stipulations of the deed of trust constituted an agreement for delay, as assumed in the charge, the plaintiff would not have been bound thereby. There is nothing-in the record to show that they had any knowledge of, or ever assented to its execution; and their attorney, in virtue of his general retainer, had no authority to take a deed of trust, or to bind his client by any such agreement.
2. But, the court erred in the construction of the deed. Its terms import no agreement to suspend or delay the enforcement of the judgment, and in judgment of law could have had no such effect; and from the proof it seems that in point of fact, it was not intended so to operate.
3. While it is admitted, that the guarantor will be discharged by the holder giving time to the maker, and thereby impairing the right, or increasing the risk of the guarantor, it is well settled, that taking a collateral security from the maker, without an agreement to give time to him will not discharge the guarantor. Story on Promissory Notes, sec. 485.
The obligation of a guarantor is very different from that of an endorser, and the law is much less strict in respect to the liability of the former than of the latter. Mr. Story lays it down, in sec. 460, that the omission to make presentment at the maturity of the note, and to give due notice of the dishonor, will not necessarily in the case of a guarantor, as in that of an endorser, amount to a discharge *91 of bis liability. It will depend upon the fact whether or not he has sustained any loss or injury thereby. If he has, then he is exonerated pro tanto; if he has not sustained any loss or injury then he is liable for the whole note. And we apprehend the same principle would be applicable to the taking of a deed of trust, or other act of the holder.
The judgment will be reversed, and the cause remanded íbr a new trial.